IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-50001
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KATHLEEN OLIVER BONO,

Defendant-Appellant.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-96-CV-215

———————————

September 17, 1997

Before KING, HIGGINBOTHAM, AND DAVIS, Circuit Judges.

PER CURIAM:[*]

Kathleen Oliver Bono, federal prisoner # 56219-080, appeals the district court's denial of her motion filed under 28 U.S.C. § 2255. She argues that the district court erred by denying her motion to vacate her conviction under 18 U.S.C. § 924(c)(1), in light of Bailey v. United States, 116 S. Ct. 501 (1995).

This court held in United States v. McPhail, 112 F.3d 197, 199 (5th Cir. 1997), that Bailey applies retroactively to cases

———————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on collateral review. Therefore, the sole issue in this appeal is whether there was a sufficient factual basis for Bono's guilty-plea conviction for using and carrying a firearm in relation to a drug-trafficking offense under 18 U.S.C. § 924(c)(1).

In Bailey, the Supreme Court defined the "use" of a firearm, under 18 U.S.C. § 924(c)(1), as "more than mere possession," including "brandishing, displaying, bartering, striking with, and most obviously, firing or attempting to fire, a firearm." Bailey, 116 S. Ct. at 505-08. Further, the Supreme Court held that "use" of a firearm "requires evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicate offense." Id. at 505. Relying on Bailey, in United States v. McPhail, this court held that "[i]t is no longer enough to show that the defendant merely stored a weapon near drugs or drug proceeds to establish that the defendant used the weapon during or in relation to drug trafficking activities." McPhail, 112 F.3d at 199.

In this case, the two loaded handguns, upon which the 18 U.S.C. § 924(c)(1) conviction was based, were found on top of a bookcase in the living room during the execution of the search warrant. Under Bailey and McPhail, this is an insufficient factual basis for a "use" conviction under 18 U.S.C. § 924(c)(1).

Nor do the facts support a conviction under the "carrying" prong of 18 U.S.C. § 924(c)(1).  The plain meaning of "carry" means to "'to hold, wear or have upon one's person.'" Consequently, the appellant was not carrying a firearm within the meaning of 18 U.S.C. § 924(c)(1).  See United States v. Garcia, 86 F.3d 394, 403 (5th Cir. 1996) (citation omitted) (stating words of a statute should be given their plain meaning), cert. denied, 117 S. Ct. 752 (1997).

Accordingly, we vacate Bono's conviction under 18 U.S.C. § 924(c)(1), dismiss the charge on that count, and remand the case for resentencing on the remaining counts for which she was convicted.

VACATE and REMAND.